**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 19-1774

———————————

ANGEL LUIS THOMAS, SR.; NORMAN E. GREGORY; GLENN MORRIS

v.

Col. TYREE C. BLOCKER; Sgt. O. E. ROWLES; Capt. MAURICE A. TOMLINSON;
Tpr. DAVID HOWANITZ; KEVIN KAUFFMAN; BRIAN HARRIS; NICOLE
PITTMAN; JAMEY LUTHER; BRIAN URBAN; MICHELE JAMES; JAMES
RIEVEL; KIM HAWN; PHILLIP CHAMBERLAIN; ADAM ROSS

Angel Luis Thomas, Sr.,
Appellant

———————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-18-cv-00812)
District Judge: Hon. Matthew W. Brann

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
Tuesday, January 14, 2020

———————————

Before: HARDIMAN, PORTER, and PHIPPS,
*Circuit Judges*

(Filed: January 29, 2020)

_____

OPINION*
_____

PORTER, *Circuit Judge*.

Angel Luis Thomas, Sr. is a registered sex offender. He was convicted of rape, involuntary deviate sexual intercourse, aggravated assault, reckless endangering, and unlawful restraint. Before being released from prison, he registered as a sex offender, which led to his name being published on the Pennsylvania sex-offender registry's publicly accessible website. Thomas believes his constitutional rights were violated when he was required to register as a sex offender. He filed a motion for a preliminary injunction seeking the removal of his name from the sex-offender registry. The District Court denied Thomas's motion. Because Thomas was required by federal law to register as a sex offender, he is unlikely to succeed on the merits of his claim. We will affirm.

**I**

In 1991, Thomas was convicted of several sex-related crimes. He was imprisoned from 1991 until his 2018 release. One month before his release, Thomas was told that he must register as a sex offender on Pennsylvania's registry, which he did. Thomas was also told that upon his release, he was required to register again. When he was released in January 2018, he registered again; a new photo of Thomas and his home address were added to the registry.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Eventually, Thomas wished to be removed from the sex-offender registry, so he sought injunctive relief in the District Court. He filed a motion for a preliminary injunction, asking the District Court to order the Commissioner of the Pennsylvania State Police, Colonel Tyree C. Blocker, to remove Thomas's name from the sex-offender registry. The Magistrate Judge issued a Report and Recommendation, recommending that the District Court deny Thomas's motion. Thomas objected to the Magistrate Judge's Report and Recommendation. The District Court rejected Thomas's arguments, adopted the Report and Recommendation, and denied Thomas's motion. Thomas timely appealed.

## II[1]

Thomas challenges the denial of his motion for a preliminary injunction. "A preliminary injunction is an extraordinary remedy granted in limited circumstances." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) (citation omitted). "Those seeking one must establish that (A) they are likely to succeed on the merits of their claims, (B) they are likely to suffer irreparable harm without relief, (C) the balance of harms favors them, and (D) relief is in the public interest." *Id.* (citation omitted). "[A] failure to show a likelihood of success . . . must necessarily result in the denial of a preliminary injunction." *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982).

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343. We have jurisdiction under 28 U.S.C. § 1292(a)(1). When reviewing the denial of a preliminary injunction, we review legal conclusions de novo and the decision to deny the injunction for abuse of discretion. *Del. Strong Families v. Att'y Gen. of Del.*, 793 F.3d 304, 308 (3d Cir. 2015).

The District Court denied Thomas's motion for a preliminary injunction. Because federal SORNA requires Thomas to register as a sex offender, the District Court agreed with the Magistrate Judge's recommendation that Thomas failed to show a likelihood of success on the merits. Thomas disagrees with that conclusion and raises three primary arguments for why his claim will likely succeed on the merits.[2] First, he asserts that federal SORNA's registration requirement applies to states and not individuals. Second, he claims that he is exempted from federal SORNA's registration requirement because he is not planning to travel outside Pennsylvania. And third, he argues that, because he is purportedly exempted from Pennsylvania's sex-offender registration regime, he cannot be compelled by state officials to comply with federal SORNA. Because all of Thomas's arguments are unavailing, we will affirm.

**A**

First, Thomas claims that federal SORNA applies to states and not individuals. He is wrong. Federal SORNA states that "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913(a). "[T]he directive . . . applies to sex offenders—not to states." *United States v. Shenandoah*, 595 F.3d 151, 157 (3d Cir. 2010), *abrogated on other grounds by Reynolds v. United States*, 565 U.S. 432 (2012). Federal SORNA imposes "an independent and federally enforceable duty . . .

---

[2] Thomas suggests that the District Court failed to review Thomas's objections to the Report and Recommendation de novo. He is incorrect. The District Court considered Thomas's objections and briefly explained its rationale for rejecting them. And the District Court said that it "reviewed Mr. Thomas's objections de novo[.]" JA at 13.

on sex offenders to register." *Id.* Thus, Thomas's first argument is foreclosed by our own precedent.

**B**

Second, Thomas argues that federal SORNA should not apply to him because he has not traveled outside Pennsylvania and has no plans to do so. We are unpersuaded. In *United States v. Pendleton*, we considered whether the registration requirement in § 20913(a)—which, at the time, was codified at 42 U.S.C. § 16913(a)—was "beyond the bounds of the Commerce Clause because it requires registration from all sex offenders, not just those who travel in interstate commerce." 636 F.3d 78, 86 (3d Cir. 2011). We held that federal SORNA's registration requirement was constitutional "because it is necessary and proper for carrying into [e]xecution Congress's power under the Commerce Clause[.]" *Id.* at 88 (quotation marks omitted) (quoting U.S. Const. art. I, § 8, cl. 18 and *M'Culloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 424 (1819)). In reaching our conclusion, we relied on Justice Scalia's concurrence in *Gonzales v. Raich*, in which he noted that "[when] necessary to make a regulation of interstate commerce effective, Congress may regulate even those intrastate activities that do not themselves substantially affect interstate commerce." 545 U.S. 1, 35 (2005) (Scalia, J., concurring).

In short, we held in *Pendleton* that under the Commerce Clause and the Necessary and Proper Clause, federal SORNA's registration requirement applies to all sex offenders—even those who do not travel in interstate commerce. *Pendleton*, 636 F.3d at 87–88. *Pendleton* therefore governs this case, and Thomas's argument fails.

5

To be sure, § 20913(a)—the registration requirement provision—contains no enforcement provision. Instead, federal SORNA's enforcement provision is codified at 18 U.S.C. § 2250. Relevant here, this criminal statute has, among others, three elements: criminal penalties may be imposed on whoever (a) is required to register under federal SORNA; (b) travels in interstate commerce; and (c) knowingly fails to register or update a registration as federal SORNA requires. *See id.* According to Thomas, the registration requirement in § 20913(a) may not be enforced against him because he has not violated § 2250—the criminal enforcement provision—by traveling in interstate commerce or failing to register or update his registration under federal SORNA.

We rejected this argument in *Pendleton*. There, we held that a defendant must register under the registration requirement in federal SORNA—i.e., § 20913(a). 636 F.3d at 87–88. We said that "§ 2250 and [§ 20913(a)] are clearly complementary: without § 2250, [§ 20913(a)] lacks federal criminal enforcement, and without [§ 20913(a)], § 2250 has no substance." *Id.* at 87 (quotation marks and citation omitted). "[R]equiring sex offenders to register . . . *before* . . . they travel in interstate commerce—which . . . has a minimal practical [influence] on *intrastate* sex offenders . . .[ ]—is 'reasonably adapted' to the goal of ensuring that sex offenders register and update previous registrations when moving among jurisdictions." *Id.* at 88 (emphasis added) (quoting *United States v. Whaley*, 577 F.3d 254, 261 (5th Cir. 2009)). In sum, just because Thomas has not violated § 2250 does not mean that he need not register under § 20913(a).

## C

Lastly, Thomas argues that, because he claims to be exempted from registering as a sex offender under Pennsylvania's registration regime, state officials may not compel him to register under federal SORNA. We are unconvinced. In *Pendleton*, we concluded that a sex offender's "federal duty to register under [federal] SORNA was not dependent upon his duty to register under [state] law." 636 F.3d at 86; *cf. Shenandoah*, 595 F.3d at 157 (stating that a state's "failure to implement a federal law . . . [would] not give sex offenders a reason to disregard their federal obligation to update their state registrations."). Here, Thomas's federal duty to register under § 20913(a) is independent of Pennsylvania law.[3] Accordingly, we reject Thomas's final argument.

\* \* \*

In sum, we conclude that Thomas has failed to show a likelihood that his claim will succeed on the merits. The District Court correctly denied Thomas's motion for a preliminary injunction, so we will affirm.

---

[3] Thomas suggests that federal SORNA's registration requirement violates the anticommandeering principles of the Tenth Amendment if the registration requirement applies to an individual like Thomas, who is putatively excluded from registering as a sex offender under state law. This argument rings hollow. Congress enacted the parts of federal SORNA that are directed to the states using its spending power. *See United States v. Kebodeaux*, 570 U.S. 387, 391 (2013) (noting that "[federal] SORNA … used the *federal spending power* to encourage [s]tates to adopt sex offender registration laws." (emphasis added) (citations omitted)).